United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

*IN THE UNITED STATES COURT OF APPEALS*
*FOR THE FIFTH CIRCUIT*

---

No. 05-51604
Summary Calender

---

ELAINE LOPEZ, As Next Friend for David Torres (minor),

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
No. 5:04-CV-745

---

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Elaine Lopez, on behalf of her minor son, David Torres ("Torres"), appeals the district court's judgment affirming the decision of the Commissioner of Social Security ("Commissioner"), who found that Torres was not disabled and therefore not entitled to supplemental security income ("SSI") benefits. Our review is limited to determining whether the Commissioner used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence.[1] After a careful review of the record, we AFFIRM for the reasons articulated by the magistrate judge and adopted by the district court, namely:

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

1.  The Commissioner properly applied the three-step sequential analysis in determining whether Torres is eligible for SSI benefits on the basis of disability,[2] by addressing: (1) whether Torres is engaged in substantial gainful activity, (2) whether Torres has a severe physical or mental impairment, and (3) whether Torres's impairments meet or equal in severity the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1.[3]

2.  There is substantial evidence supporting the ALJ's finding that Torres's impairments do not meet or equal in severity a listed impairment. To show that his impairments are functionally equal to a listed impairment, Torres must establish that he has a "marked" limitation in two broad areas of functioning, also known as "domains," or an "extreme" limitation in one domain.[4] The domains used to assess childhood disability are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving around and manipulating objects; (5) caring for oneself; and (6) health and physical well being.[5] Although the record shows that Torres suffers from attention deficit hyperactivity disorder ("ADHD"), dyslexia, and asthma, there is substantial evidence that these impairments do not "interfere[] seriously with [his] ability to independently initiate, sustain, or complete activities."[6]

AFFIRMED.

---

[2]20 C.F.R. § 416.924.

[3]*See Id.* (stating that a child is not disabled if: (1) he is engaged in substantial gainful activity, (2) his impairments are not severe, *or* (3) his severe impairments do not meet, medically equal, or functionally equal the listed impairments set forth in the Commissioner's disability regulations).

[4]*Id.* § 416.926a.

[5]*Id.* § 416.926a(a)(1)(i)-(vi).

[6]*See Id.* § 416.926a(e)(2)(i) (noting that the Commissioner "will find . . . a 'marked' limitation in a domain when [the] impairments(s) interferes seriously with [the] ability to independently initiate, sustain, or complete activities").